UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC, | ) ) ) ) | Case No. 24-4542 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RED STAR PROGRESSIVE INC. and IVAN DURDEVIC, | ) ) ) | |
| Defendants. | ) ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC ("PNC"), by and through counsel, and for its Verified Complaint for Replevin and Money Damages against Red Star Progressive Inc. ("Red Star"), and Ivan Durdevic (collectively, the "Defendants"), states as follows:

**PARTIES**

1. PNC Bank, National Association is a national banking association with its principal place of business in the State of Pennsylvania, and is the successor to PNC Equipment Finance, LLC as a result of the merger on May 1, 2022. PNC's main office is located in Wilmington, Delaware.

2. Red Star is an Illinois corporation with its principal place of business located at 1311 Halsted St., Apt. 212, Chicago, Illinois 60642.

3. Ivan Durdevic is a citizen of the State of Illinois who resides at 1311 Halsted St., Apt. 212, Chicago, Illinois 60642.

1

4. Upon information and belief, Ivan Durdevic is not subject to the Servicemembers Civil Relief Act. See Declaration as to Military Service, attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to PNC's claims occurred in this judicial district, and because the Defendants reside in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. On April 5, 2023, PNC, as lender, and Red Star, as borrower, entered into Loan and Security Agreement No. xx5895 (the "Agreement") wherein PNC financed Red Star's acquisition of: two (2) 2024 Wabash Dry Van Trailers, Vin Nos. 1JJV532D1RL430521 and 1JJV532D3RL430522 (the "Collateral"). A true and correct copy of the Agreement is attached hereto as Exhibit 2.

8. Pursuant to the Agreement, Red Star agreed to make sixty (60) consecutive monthly installments of $2,221.21. See Exhibit 2.

9. As set forth in the Agreement, Red Star granted PNC a security interest in the Collateral. See Exhibit 2, ¶ 6.

10. To induce PNC to enter into the Agreement, Ivan Durdevic executed a Personal Guaranty (the "Guaranty") wherein Ivan Durdevic guaranteed the full and prompt payment and performance of all of Red Star' obligations to PNC. A true and correct copy of Guaranty is attached hereto as Exhibit 3.

11. PNC perfected its security interest in the Collateral. True and correct copies of the Certificates of Title for the Collateral are attached hereto as Group Exhibit 4.

12. Red Star defaulted under the Agreement by failing to make the payment due September 15, 2023, and all payments due thereafter.

13. Ivan Durdevic failed to make payment as required pursuant to the Guaranty.

14. Upon the occurrence of default, PNC is entitled to payment of any and all amounts which may be then due and payable, plus all payments remaining through the end of the Agreement's term discounted at the rate of three percent (3%) per annum, which is $115,938.15, plus interest and other additional amounts payable under the Agreement. See Exhibit 2, ¶ 14.

15. PNC is further entitled to payment of late charges of $1,110.60. See Exhibit 2, ¶ 3.

16. PNC is also entitled to site visit and repossession fees of $500.00. See Exhibit 2, ¶ 14.

17. PNC is entitled to insurance fees of $1,577.60. See Exhibit 2, ¶ 14.

18. PNC is also entitled to prejudgment interest at the rate of eighteen percent (18%) per annum from the date of default, continuing to accrue until the date of judgment. See Exhibit 2, ¶ 20.

19. PNC is further entitled to NSF Fees. See Exhibit 2, ¶ 14.

20. PNC is further entitled to attorneys' fees and costs. See Exhibit 2, ¶ 14.

21. Upon an event of default, PNC is also entitled to possession of the Collateral. See Exhibit 2, ¶ 15.

22. Red Star has failed and refused to make payment due and owing under the Agreement despite demand.

23. Red Star has failed and refused to return the Collateral despite demand.

## COUNT I
## BREACH OF CONTRACT AGAINST RED STAR

24. PNC repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. PNC has fully performed its obligations under the Agreement.

26. Red Star defaulted under the Agreement by failing to make all necessary payments when due.

27. As a result of Red Star's payment default under the Agreement, PNC is entitled to payment of $115,938.15, plus late charges of $1,110.60, insurance fees of $1,577.60, site visit fees and repossession fees of $500.00, NSF fees, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC, respectfully requests that this Court enter Judgment in its favor and against Red Star Progressive Inc. in the amount of $115,938.15, plus late charges of $1,110.60, insurance fees of $1,577.60, site visit fees and repossession fees of $500.00, NSF fees, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

## COUNT II
## BREACH OF GUARANTY AGAINST IVAN DURDEVIC

28. PNC repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Ivan Durdevic defaulted under the Guaranty by failing and refusing to make payment when due under the Agreement and his Guaranty thereof.

30. As a result of Ivan Durdevic's payment default under the Guaranty, PNC is entitled to payment in the amount of $115,938.15, plus late charges of $1,110.60, insurance fees of $1,577.60, site visit fees and repossession fees of $500.00, NSF fees, prejudgment interest accruing

at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC, respectfully requests that this Court enter Judgment in its favor and against Ivan Durdevic in the amount of $115,938.15, plus late charges of $1,110.60, insurance fees of $1,577.60, site visit fees and repossession fees of $500.00, NSF fees, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## COUNT III
## REPLEVIN AGAINST RED STAR

31. PNC repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. This Count is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

33. PNC has a first priority security interest in the Collateral: two (2) 2024 Wabash Dry Van Trailers, Vin Nos. 1JJV532D1RL430521 and 1JJV532D3RL430522.

34. As a result of Red Star's default under the Agreement, PNC is entitled to possession of the Collateral.  See Exhibit 2, ¶ 15.

35. PNC has been unable to secure the Collateral by peaceful means.

36. Red Star is wrongfully and unlawfully detaining the Collateral from PNC.

37. The Collateral have not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of an order of replevin against such a plaintiff.

38. PNC has made demand upon Red Star for the return of the Collateral, but Red Star has failed and refused to return same.

39. PNC will suffer irreparable damages if the Collateral are not returned to PNC.

40. PNC estimates the value of the Collateral at $40,000.00 per unit, for a total amount of $80,000.00, depending on market and condition.

41. Upon information and belief, the Collateral is located 1311 Halsted St., Apt. 212, Chicago, Illinois 60642.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC, respectfully requests that this Court entered an Order directing the U.S. Marshal, or any other designated officer, to use all necessary force to repossess the Collateral, or any portion thereof from Red Star Progressive Inc. at 71311 Halsted St., Apt. 212, Chicago, Illinois 60642, or wherever it may be found, and enter a judgment against Red Star Progressive Inc. for the value of any portion of the Collateral not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV
## DETINUE AGAINST RED STAR

42. PNC repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. The Collateral is in Red Star's possession and control.

44. PNC is entitled to possession of the Collateral due to the payment default under the Agreement. See Exhibit 2, ¶ 15.

45. Red Star is wrongfully retaining possession of the Collateral, because Red Star defaulted under the terms of the Agreement by failing to make timely payments when due, and Red Star has failed to surrender the Collateral despite demand.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC, respectfully requests that this Court entered an Order compelling Red Star Progressive Inc. to surrender the Collateral to PNC at a place and time directed by PNC within fourteen (14) days of this Court's entry of judgment.

        PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC Equipment Finance, LLC,

By:   /s/ C. Randall Woolley_____
      C. Randall Woolley
      Darcy & Devassy PC
      444 N. Michigan Ave, Suite 3270
      Chicago, IL 60611
      Tel: (312) 784-2400
      Fax; (312) 784-2410
      rwoolley@darcydevassy.com

## **VERIFICATION BY CERTIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Verified Complaint for Replevin and Money Damages are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Declared under penalty of perjury this __28__ day of __May__, 2024.

_____
Michael McGinley
Vice President - Litigation and Recovery
PNC Bank, National Association, successor
by merger to PNC Equipment Finance, LLC

8